McCORD, Judge.
This is an appeal from an order of the Circuit Court in and for Putnam County appointing John W. Swilley and Patricia Ann Swilley, his wife, (hereafter referred to as the Swilleys) guardians of the persons of Stacy Lee Ettel and Tracy Lynn Ettel, twins, (hereafter referred to as the twins) ages three and one-half years. Question is raised on this appeal as to *195 whether or not it was in the best interests of these minor children to be separated from their older brother and sister, Ray S. Ettel, III, and Jane Elizabeth Ettel, ages 9 and 8 respectively, (hereafter referred to as the older children) but we do not reach that question as we find that the Circuit Court of Putnam County did not have venue of this cause.
Ray D. Ettel and Jane Swilley Ettel, the natural parents of the minors, died simultaneously in an automobile accident on June 15, 1972, in Georgiy. At the time of their death and for some time prior thereto, the residence and domicile of the family was St. Augustine, St. Johns County, Florida. After the deaths of the parents, as a temporary expedient, the twins were lodged with the Swilleys and were removed to the Swilleys’ home in Palatka, Putnam County. (John Swilley is the maternal uncle of the children.) The older children, as a temporary expedient, were lodged with Marianne S. Broadbear and Michael W. Broadbear, her husband, (hereafter referred to as the Broadbears) in Fulton County, Georgia. Marianne S. Broadbear is the maternal aunt of the children. The persons most closely related to the minors are Ray S. Ettel, their paternal grandfather, and William G. Swilley and Mary V. Swilley, their maternal grandparents.
On October 10, 1972, the County Judge’s Court of St. Johns County (now the Circuit Court in St. Johns County), in the exercise of its jurisdiction, appointed the Atlantic Bank of St. Augustine as guardian of the property of all of the minors and the bank became qualified and continues to act as such guardian. Ray S. Ettel and the William G. Swilleys being the grandparents and all of the persons most closely related to the minors, waived their rights to serve as such guardian and designated said bank to be appointed.
By its order of January 31, 1973, the Juvenile Court of Fulton County, Georgia, on petition of the Broadbears, granted legal custody of the two older children to the Broadbears. On February 26, 1973, the Swilleys filed a petition in the court below, the Circuit Court of Putnam County, asking that they be appointed guardians of the persons of the twins. The William G. Swilleys, the maternal grandparents and two of the persons most closely related to the minors, filed a consent thereto. The Broadbears subsequently on July 19, 1973, filed a petition in the proceeding below asking that they be appointed guardians of the persons of the twins. Ray S. Ettel, paternal grandfather of the minors and one of the persons most closely related to the minors, filed his answer in the proceeding below in which he contended there (and contends here) that the legal residence and domicile of the children was and still is the county of the legal residence •and domicile of their parents at the time of and prior to the parents’ death — St. Johns County; that the legal residence and domicile of the minors has never been changed and continues to be St. Johns County until change by proper court action.
Aside from the venue question, Ray S. Ettel vigorously contended below and contends here that first and foremost the welfare of all of the children requires that they be raised together and not separately. The children are his only legal heirs and the record shows that he has always been devoted to them and helped to provide for them and that he intends to continue to do so, he being a man of considerable wealth. He takes no position as between the Swil-leys and the Broadbears and testified that he would be happy for all four to be with either family; that he is willing and able and has offered to do everything he can to promote the best welfare of all of the children to the extent of providing for them to live together with him or elsewhere, as the Court might determine.
The applicable statutes on the venúe question are as follows :
“744.06 JURISDICTION.—
(1) CIRCUIT JUDGE.—
(a) The circuit court shall have jurisdiction over all matters pertaining to guard *196 ians and wards and to the management and the administration of the property of wards, regardless of the origin of cause of the incompetency of the ward.
(b) The circuit judge may appoint a guardian of the person or the property, or of both, of an incompetent.
******
(d) In a conflict as to jurisdiction between circuit courts, the first to obtain lawful jurisdiction shall retain it.”
(Prior to the advent of revised Article V of the Florida Constitution, the references above to the Circuit Court and Circuit Judge were to County Judge’s Court and County Judge.)
“744.11 VENUE. — The venue m proceedings for the appointment of any guardian shall be as follows :
(1) If the incompetent is a resident of this state, the venue shall be in the county where the incompetent resides.
******
(4) Whenever the domicile of an incompetent is changed to another county, the guardian of said incompetent may, by filing a petition, in which the facts concerning said change of domicile are stated, have the venue of said guardianship changed to the county of the acquired domicile.”
Applying the facts as outlined above to the foregoing statute, the children’s legal residence and domicile at the time of the death of their parents was in St. Johns County. Also, the court in St. Johns County has assumed jurisdiction and had appointed a guardian of the property of all of the minors before the Swilleys’ petition was filed in the Circuit Court for Putnam County. Not only was there never a waiver of venue to allow the proceedings in Putnam County, but Ray S. Ettel, one of the persons most closely related to the minors, timely contested the right of the Circuit Court in Putnam County to proceed. Venue not having been legally vested in the Circuit Court in Putnam County, the proceedings should have been transferred to the Circuit Court in St. Johns County. See In Re Mickler’s Guardianship, Fla., 163 So.2d 257 (1964), and the authorities therein cited.
The order of the Circuit Court in Putnam County appealed from is reversed and the guardianship proceedings before it are vacated. The cause is remanded with directions to transfer the proceedings to the Circuit Court in St. Johns County for trial de novo. r
'BOYER, C. J., and MILLS, J., concur.